Matter of Cai Gui Li v City of New York (2025 NY Slip Op 03136)

Matter of Cai Gui Li v City of New York

2025 NY Slip Op 03136

Decided on May 22, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 22, 2025

Before: Kern, J.P., González, Rodriguez, Pitt-Burke, Higgitt, JJ. 

Index No. 450056/21|Appeal No. 4402|Case No. 2024-02932|

[*1]In the Matter of Cai Gui Li, Petitioner,
v
City of New York, et al., Respondents.

Mobilization for Justice, Inc., New York (Chelsea Shieh of counsel), for petitioner.
Muriel Goode-Trufant, Corporation Counsel, New York (Geoffrey E. Curfman of counsel), for respondents.

Determination of the Office of Administrative Trials and Hearings (OATH), dated December 6, 2019, which, after a hearing, found that petitioner had allowed a vehicle to be operated for hire without a permit in violation of Administrative Code of the City of New York § 19—506(b)(1), and imposed a fine of $2,000, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Arlene P. Bluth, J.], entered on or about April 17, 2024), unanimously dismissed, without costs.
OATH's determination, as affirmed by its Appeals Unit, is supported by substantial evidence, including the sworn summons and the testimony given by two officers from the New York Taxi and Limousine Commission (see Matter of Umeokafor v City of New York, 199 AD3d 435, 436 [1st Dept 2021]). One officer testified that he was approached by two men at LaGuardia Airport who offered to arrange a ride to Flushing for a fare and was told to look for a certain license plate number. Petitioner arrived shortly thereafter in a vehicle bearing that license plate number and, when asked if he was a taxi, nodded "yes." Though petitioner testified that the officer never asked him if he was operating a taxi, the Hearing Officer's decision to credit the officer's testimony over petitioner's is largely unreviewable by this Court (see Matter of Faison v New York City Taxi & Limousine Commn., 176 AD3d 416, 416 [1st Dept 2019], citing Matter of Berenhaus v Ward, 70 NY2d 436, 443 [1987]). In any event, "an agency's determination that finds support in the record should not be disturbed even where the evidence is conflicting, room for choice exists and this Court may have reached a different conclusion" (see Matter of Berenhaus, 70 NY2d at 444).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 22, 2025